UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector DELVAL–ESTRADA, a.k.a. Hector Ochoa Olguin, a.k.a. Hector Joaquin Delval–Estrada, Defendant–Appellant.

No. 14–10011
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 1, 2014.

Matthew S. Carrico, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff-Appellee.

Jeffrey Lyn Ertel, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before WILLIAM PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Hector Delval–Estrada was sentenced to 40 months in prison after pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2). He contends that, because his prior aggravated felony (possession of cocaine with intent to distribute) is an element of the offense under subsection (b)(2) of § 1326 and was not listed in the indictment, he could not have been sentenced to more than the two-year maximum set forth in subsection (a) of the statute.

We reject Mr. Delval–Estrada's argument. First, the Supreme Court has expressly held—in a case just like this one—that § 1326(b)(2) does not define a separate crime, and that the government is not required to charge the alien's prior conviction in the indictment. *See Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Second, "we have specifically rejected the argument that *Almendarez–Torres* was undermined by *Apprendi [v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).]" *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir.2006). "[W]e are bound to follow *Almendarez–Torres* unless and until the Supreme Court ... overrules that decision." *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir.2001).

**AFFIRMED.**